UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
MARKEISHA DESOUZA,

        Plaintiff,

    - against –

OFFICE OF CHILDREN AND FAMILY
SERVICES, JOHN AND JANE DOES 1–10,
and XYZ CORP. 1–10,

        Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-2463 (PKC) (SMG)

GOLD, Steven M., United States Magistrate Judge:

    Plaintiff in this action asserts claims pursuant to Title VII of the Civil Rights Act of 1964 and New York State law. Plaintiff's claims arise from her employment by defendant Office of Children and Family Services (("OCFS") from October 26, 2016 until her termination on June 12, 2017.[1] In her complaint, plaintiff alleges that a co-worker, who was later promoted to a position in which he supervised plaintiff, subjected plaintiff to unwanted advances and physical contact. Plaintiff contends that she was subjected to a hostile work environment and fired in retaliation for complaining about it.

    By letter motion dated March 4, 2020, ("OCFS Ltr.") Dkt. 40, defendant OCFS seeks an extension of time until May 15, 2020 to complete fact discovery. Plaintiff consents to this request. The application is accordingly GRANTED. THE PARTIES WILL SUBMIT A JOINT STATUS REPORT BY MAY 21, 2020. The report shall state whether the parties believe a settlement conference might be productive, whether any party intends to move for summary judgment, and whether the parties seek to proceed with expert discovery.

---

[1] The facts recited in the text are drawn from the Memorandum and Order of United States District Judge Pamela K. Chen dated June 12, 2019, Dkt. 26.

Defendant's letter also seeks to compel plaintiff to provide HIPAA authorizations "for Plaintiff's entire medical record." OCFS Ltr. at 2. Defendant acknowledges that plaintiff has provided authorizations releasing her medical records from June 1, 2016 to the present, but seeks authorizations "without a date limitation." *Id.* OCFS contends it is entitled to these records because plaintiff seeks damages for emotional distress. *Id.* Plaintiff objects to the unlimited time frame of the HIPAA authorizations sought by OCFS. Plaintiff notes that she has executed an authorization releasing "all psychotherapy notes" and has offered to release her medical records going back as far as two years prior to her employment by OCFS, or October 26, 2014. Pl. Ltr. dated March 5, 2020, Dkt. 41.

OCFS has not offered any reason to believe that medical records older than October 26, 2014 are likely to be relevant to plaintiff's emotional distress damages. Moreover, requiring disclosure of medical records substantially intrudes upon a party's privacy. For these reasons, and absent a more specific showing, I conclude that "the burden [on plaintiff] . . . of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Accordingly, this aspect of defendant's motion is denied, and plaintiff is directed to provide HPAA authorizations for her medical records only from October 26, 2014 to the present.

SO ORDERED.

Steven M. Gold
United States Magistrate Judge

March 11, 2020
Brooklyn, New York

U:\Desouza.docx